IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

EVALINA JAMES-FAINGA,

Petitioner,

vs.

WARDEN ESTELLA DERR,

Respondent.

Case No. 23-cv-00038 DKW-KJM

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS**

In this absurd, if not frivolous, habeas proceeding, Petitioner Evalina James-Fainga complains that the Bureau of Prisons (BOP) had not awarded her First Step Act earned time credits (ETCs), even though she had been incarcerated for a mere *two weeks* at the time she filed this habeas petition on January 25, 2023. Dkt. No. 1. One reason the BOP had not applied ETCs within 2 weeks of her incarceration is because the evidently impatient James-Fainga did not even attempt to utilize administrative remedies to alert the BOP to its purported sluggishness. More to the point, perhaps, the record reflects that the BOP has now applied the ETCs to which James-Fainga is entitled. Therefore, the instant petition, brought pursuant to Section 2241 of Title 28 (Section 2241), is DISMISSED as unexhausted and moot.

Section 2241 permits a prisoner to challenge the manner in which her sentence is executed, including, as here, the duration of her confinement. *Tucker v. Carlson*, 925 F.2d 330, 331-332 (9th Cir. 1991). However, the Ninth Circuit Court of Appeals has explained that, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). As a non-jurisdictional requirement, it is subject to waiver for such things as futility. *Id*. In addition, the Ninth Circuit has explained that, when a petitioner's claimed injury cannot be redressed by a favorable decision of the court, a petition for habeas corpus is moot. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005).

Here, with respect to exhaustion, James-Fainga acknowledges that she did not exhaust her administrative remedies, but, farcically, claims this can be excused due to her "impending release date." Dkt. No. 1 at 1. When filing the instant petition, on January 25, 2023, however, James-Fainga was only two *weeks* into a nine-*month* sentence. In other words, James-Fainga's release date was far from "impending." In context, it was in the distant future, particularly given that she was not eligible to apply any ETCs two weeks into her incarceration.[1] Put simply,

---

[1] In its opposition, the government provided a declaration from the FDC's Unit Manager responsible for time credits under the First Step Act. Dkt. No. 6-1. Therein, the Unit Manager explains that such credits accrue "each *month* by successfully participating in programming." *Id*.

2

this is a classic case of why a petitioner should exhaust her administrative remedies: at the very least, if she had, James-Fainga could have been apprised of how ETCs accrue and why she was not automatically entitled to all possible ETCs the moment she walked into FDC's doors on January 23, 2023. They are, after all, *earned* time credits for a reason. Because James-Fainga utterly failed to take this administrative step, and concedes as much, her petition is clearly unexhausted without any (let alone good) cause.

In addition, as the records submitted by the government reflect, the petition is also moot. Specifically, those records show that James-Fainga has thus far received 20 days of ETC. Dkt. No. 6-1 at ¶ 9; Dkt. No. 6-4.[2] Although James-Fainga believes that, with ETCs applied, she should be released as soon as July 3, 2023, as the government explains, at best, that calculation is premised upon applying all possible ETCs to James-Fainga's sentence at once, which is not how ETCs work. *See* Dkt. No. 6-1 at ¶ 9. James-Fainga, in other words, is assuming she will continue to accrue the maximum ETC throughout her incarceration, and is entitled to apply that maximum *un*earned ETC now. There is no support for that notion. Therefore, at this point in James-Fainga's sentence, there is no relief that

---

at ¶ 9 (emphasis added). Here, at the time she filed the instant petition, James-Fainga had not even been incarcerated for a month, and, thus, was not yet able to apply any time credits to her projected release date.

[2]Although James-Fainga was provided an opportunity to respond to the government's opposition, including the assertion that she has received all of the ETCs to which she is currently entitled, *see* Dkt. No. 4, she did not file a reply in this case.

the Court can provide her that is anything more than the relief already provided by the BOP, rendering her petition moot.

For these reasons, this case is, therefore, DISMISSED, and the Clerk is instructed to CLOSE it.

IT IS SO ORDERED.

Dated:  May 2, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Evalina James-Fainga v. Warden Estella Derr*; Civil No. 23-00038 DKW-KJM; **ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS**